THE NEW YORK LIFE INSURANCE AND TRUST COMPANY *v.*
HOWARD and others.

Where a creditor of N. holds as his 'security, for a specific debt, a mortgage of N.
against H., which by an agreement between themselves, N. is bound to discharge;
and N. makes a payment to his creditor on the specific debt; such payment
enures to the benefit of H. in respect of the mortgage, and the creditor cannot re-
tain H.'s mortgage by subsequently making an application of the payment on
other debts due to him from N.

By force of the agreement, the payment made by N. operates as a discharge of so
much of H.'s mortgage.

N. absconded, and the creditor obtained some security from him, though far less
than his other debts. H. is not entitled to participate in the benefit of such se-
curity to reduce his mortgage.

November 18; 27; 1844.

THIS was a bill to foreclose a mortgage executed by Howard
and wife to Edward A. Nicoll, on the 1st of September, 1836, for
$7883 34, and by him assigned to the complainants on the 28th
of November, 1837.

The answer of Howard and wife set up as a defence, that
Nicoll in January, 1840, entered into a sealed agreement with
Howard, by which N. was to pay off the mortgage, and Howard
was to convey the mortgaged premises to Nicoll. On their part,
Howard and wife executed and delivered in escrow, a deed pur-
suant to the contract. The answer also stated a payment of
$3000 by Nicoll to the complainants on this mortgage; and that
he made to them a general assignment of his property which pro-
duced enough to pay them the whole amount of Howard's mort-
gage.

A decree was made referring it to a master to compute the
amount due to the complainants on the mortgage; on which re-
ference Howard proved that Nicoll assigned this, and another
mortgage of Howard's amounting to $7000, to the complainants,
as security for a loan by them made to Nicoll for $14,883 34;
he executing to them his bond therefor. That on the 7th of
February, 1839, the company assigned the mortgage of $7000 to
Mr. Le Roy, and in the assignment acknowledged the receipt of

that sum.  And that in June, 1840, Nicoll made a payment of $3000 to the complainants on his bond.

The defendants then proposed to prove the agreement of January, 1840, and their conveyance in escrow, in order to show that they ought to be credited for the payment of $3000.  The master rejected this evidence, and reported the whole amount of the mortgage to be due.  The defendants excepted to his report. There was another exception which it is not deemed necessary to mention.

It appeared that Nicoll absconded in December, 1842, after abstracting from the complainants, whose secretary he had been for many years, more than $300,000.  And besides his defalcations, he had been their debtor to a large amount for a considerable time before that event.  And it was contended that in the absence of notice of Howard's contract, the complainants had a right to keep and apply the whole mortgage debt on their demands against Nicoll.

*W. Betts*, for the complainants.

*J. T. Duryee* and *Geo. Wood*, for Howard and wife.

THE ASSISTANT VICE-CHANCELLOR.—The two bonds and mortgages of Howard, after they were assigned to the complainants, were a valid security in their hands for the payment of Nicoll's bond of $14,883 34.

On the 7th of February, 1839, the company assigned the bonds and mortgage for $7000, to Le Roy.  The assignment acknowledged the receipt of the sum of $7000 as the consideration for the transfer.  It is said that this was a fraudulent proceeding on the part of Nicoll, and that the company never received any part of that consideration.  There is, however, no proof of this; and as the case stands before me, the company transferred the mortgage and received the $7000.

This discharged the same amount of Nicoll's bond, which after that event remained outstanding for $7883 34, and was secured by Howard's remaining bond and mortgage.

In January, 1840, (assuming for the purpose of the argument,

the truth of the statement which the defendants offered to prove before the master,) Nicoll entered into a sealed agreement with Howard by which he was to receive conveyances of the mortgaged premises, and restore both bonds and mortgages to Howard. At the same time the conveyances were executed by Howard and his wife, and deposited in escrow, to be delivered to Nicoll on his fulfilment of the contract.

In June, 1840, Nicoll paid to the company $3000 on account of his bond.

The defendants insist that this sum should be credited on Howard's bond and mortgage for $7883 34.

Nicoll was bound to pay the whole as between him and Howard. When the $3000 was paid, the company, so far as the testimony discloses, had no right to apply it on any demand against Nicoll, save his bond. On payment of the balance of his bond, Nicoll could have required the company to transfer to him Howard's bond and mortgage, and on obtaining the same his agreement required him to deliver them up to Howard.

In another way of stating it, after the payment of the $3000, the company's interest in Howard's bond and mortgage was reduced to $4883 34, being the balance of Nicoll's bond.

As between the company and Nicoll, he then became the equitable owner of $3000, in Howard's bond and mortgage.

And as between Nicoll and Howard, that amount became at once cancelled and paid, by force of the agreement made in January preceding.

Such being the equities of the respective parties in June, 1840, no subsequent demands of the company against Nicoll can alter, or impair the right which Howard then acquired.

The $3000 was therefore an equitable payment upon the bond and mortgage in question, and the testimony relative to the agreement between Nicoll and Howard should have been admitted.

It further appears that when Nicoll absconded in December, 1842, he was very largely indebted to the company; that he made an assignment of property for their indemnity; and that they have realized about $10,000 from that source, and expect to receive about $5000 more; the whole being less than one-twentieth part of their demand. The defendants insist that the com-

pany are bound to apply the sum received, to the extinguishment of the balance of Nicoll's bond of $14,883 34, and thereby discharge Howard's mortgage.

There is surely no ground for this claim. Both parties are creditors of Nicoll. The company have obtained an inconsiderable security for a part of their general debt. The defendants have obtained none. On what principle of equity or justice can I deprive the company of the benefit of their indemnity, and give it to the defendants. By endeavoring to secure the residue of their debt, they did not relinquish the security which they already had in the defendants mortgage.

If they had obtained complete indemnity for all of their demands against Nicoll, and there were no others standing in the same situation with Howard who might be injured thereby, Howard would undoubtedly be entitled to the benefit of the indemnity, either by direct application upon his debt or by subrogation.

As the case is, he has no such right.